GOTHARD, Judge.
Plaintiff brings this action for mental and physical injuries he suffered as a result of defendant’s breach of duty to a third party. Defendant filed dilatory exceptions of prematurity and vagueness and peremptory exceptions of no cause and no right of action. The peremptory exception of no cause of action was maintained and the suit was dismissed. Plaintiff appeals that adverse judgment. We affirm.
Plaintiff’s petition asserts that while his father was a patient at Ochsner Foundation Hospital in April, 1989, a nurse in the intensive care unit instructed plaintiff to attempt to awaken his father from a coma. When plaintiff refused, maintaining that such an action directly contradicted the attending physician’s order, the nurse pushed past plaintiff in an attempt to awaken the patient. Plaintiff alleges that he was forced to run after the nurse to restrain *233 her. As a result of this action plaintiff claims he sustained further injury to a previously injured knee.
The petition further asserts that on a subsequent visit to the hospital to visit his father, plaintiff discovered that the patient, still dressed in his pajamas, had left the hospital and was spotted wandering around in the vicinity of a busy thoroughfare nearby. Plaintiff alleges that he rushed from the hospital, abandoned his crutches, and ran one hundred and fifty yards and up three flights of stairs in the parking garage to get to his car in an attempt to retrieve his father. Plaintiff admitted in oral argument before the trial court that his father sustained no injury and has not brought a cause of action against defendant.
Plaintiff relies on LeJeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990), in which the Supreme Court overruled prior jurisprudence to allow a cause of action for mental pain and anguish sustained by a person not directly injured, because of negligent infliction of injury to a third person. After a thorough review of pertinent jurisprudence in this and other states, C.C. art. 2315, duty-risk principles, and policy considerations, the Supreme Court established restrictions for recovery by a claimant for injury to a third person:
1. A claimant need not be physically injured, nor suffer physical impact in the same accident in order to be awarded mental pain and anguish damages arising out of injury to another. Nor need he be in the zone of danger to which the directly injured party is exposed. He must, however, either view the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim’s condition.
2. The direct victim of the traumatic injury must suffer such harm that it can reasonably be expected that one in the plaintiffs position would suffer serious mental anguish from the experience.
3. The emotional distress sustained be both serious and reasonably foreseeable to allow recovery. Serious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating.
4.A close personal relationship with the victim must be shared by the claimant.
LeJeune, supra at 570.
We agree with the plaintiff that his allegations of proximity to the incidents, his close family relationship with the victim and the severity of the trauma to plaintiff are sufficient to state a cause of action for mental distress. However, plaintiffs admission that no harm came to the victim, has defeated his claim. One of the requirements is serious harm to the victim. In LeJeune the claimant was allowed to recover damages for mental distress when she became aware of injuries sustained by her comatose husband as a result of rat bites. Claimant made a claim, not only for her own damages, but also for those of her husband.
The instant case is factually distinguishable in that the plaintiff herein asserts, not that the victim was injured, but rather that he was placed in danger of injury by defendant’s negligence. Plaintiff made no claim for injury to his father, nor is there any suggestion that the victim himself has made such a claim. It is clear that the restrictions in LeJeune are intended not only as a guide to the lower courts, but also as a limitation on the class of claimants entitled to recovery under these newly established principles:
Just as many other states have done, we find need to move restrictively in this area. It is for this reason that we are not inclined to rely simply on general principles of duty and negligence. Administrative boundaries or guidelines imposed jurisprudentially at the outset will facilitate application by the lower courts, ensure that there is no open-ended exposure of tortfeasors, and ensure as well that a policy of limited exposure to serious mental pain and anguish damages *234 sustained by a limited class of claimants will be permitted. (Footnote omitted)
LeJeune, supra at 569.
We do not believe LeJeune should be read to extend to a bystander, however close in proximity or relationship to the victim, a cause of action for mental distress or physical damage for the possibility of injury to a third party.
For these reasons 'we affirm the trial court’s action in maintaining defendant’s exception of no cause of action.
AFFIRMED.